IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KORI THOMAS,** <br>     **Plaintiff,** <br><br>    v. <br><br> **CITY OF CHESTER,** <br> **POLICE OFFICER JAMISON ROGERS,** <br> **and JOHN DOES, Badge No. Unknown,** <br>     **Defendants.** | **CIVIL ACTION** <br><br><br><br> **NO.  15-3955** |

**DuBois, J.**                                   **March 21, 2016**

## M E M O R A N D U M

### I.  INTRODUCTION

This civil rights case arises out of the arrest of plaintiff Kori Thomas by officers of the City of Chester Police Department, including defendant Police Officer Jamison Rogers. Plaintiff asserts various claims under 42 U.S.C. § 1983 against the City of Chester and Rogers individually and in his official capacity.

Presently before the Court is defendants' Motion to Dismiss the Amended Complaint. For the reasons that follow, the Court grants in part and denies in part the Motion to Dismiss.

### II.  BACKGROUND

The facts of this case as set forth in plaintiff's First Amended Complaint (hereinafter "Complaint") are as follows. On May 5, 2015, plaintiff's "young child became ill" and as a result her child could not attend school. Compl. ¶¶ 8–9. Plaintiff asked her sister-in-law "if she could watch the child for the day so plaintiff could go to classes at nursing school." Compl. ¶ 10. The sister-in-law resided at 222 Meade Street, Chester PA 19013. Compl. ¶ 11. Presumably, though this is not stated in the Complaint, the child was taken to her sister-in-law's house.

"After school, plaintiff returned to her sister-in-law's house" to pick up her child, and when she arrived, went to use the bathroom. Compl. ¶¶ 12–13. While plaintiff was in the bathroom, the defendant police officers, Rogers and an unknown officer, executed a search warrant on the 222 Meade Street property. Compl. ¶ 14. The subject of the search warrant is not stated in the Complaint.

When the warrant was executed, "defendants Rogers and Doe detained at least twelve people including plaintiff." Compl. ¶ 15. Plaintiff was subsequently arrested, taken into police custody, and strip-searched. Compl. ¶¶ 20–21. Plaintiff's bail was set at $100,000 and plaintiff remained in custody for six days until $10,000 was paid by an independent bail bondsman. Compl. ¶¶ 22–23. On May 21, 2015, "prosecution was withdrawn against plaintiff" and "the criminal litigation resulted in plaintiff's favor." Compl. ¶ 24.

Plaintiff alleges that she "was discharged from school as a result of the arrest. Plaintiff has since been readmitted to school; however, she did lose an entire semester of class and tuition." Compl. ¶ 26. In addition, "plaintiff's young child was dismissed from school. The child's school was a government benefit that was revoked as a result of the arrest." Compl. ¶ 27.

On July 17, 2015, plaintiff filed a Complaint in this Court, asserting claims under 42 U.S.C. § 1983 against defendants the City of Chester, Rogers, and a John Doe. On September 21, 2015, defendants filed a Motion to Dismiss. On October 5, 2015, plaintiff filed the First Amended Complaint, which asserts the following claims: (1) claims for "violation of § 1983" against all defendants (Count I); (2) claims for "unconstitutional seizure" under § 1983 against Rogers and the John Doe (Count II); (3) claims for malicious prosecution under § 1983 against Rogers and the John Doe (Count III); (4) claims for conspiracy under § 1983 against Rogers and

the John Doe (Count IV); (5) and a *Monell* claim under § 1983 against the City. Plaintiff seeks compensatory and punitive damages from all defendants.

On October 8, 2015, defendants filed the instant Motion to Dismiss the First Amended Complaint. Defendants argue: (1) the "catch all" violation of § 1983 claims (Count I) against all defendants should be dismissed for failure to state a claim; (2) the claims for "unconstitutional seizure" and malicious prosecution (Count II and Count III) should be dismissed against the police officers in their official capacity; (3) the claims for conspiracy (Count IV) should be dismissed for failure to state a claim; (4) the *Monell* claim against the City (Count V) should be dismissed for failure to state a claim; and (5) the punitive damages claim against the City should be stricken.

### III. APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to respond to a pleading by filing a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). However, the Court may dismiss a claim with prejudice based on "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

IV.     **DISCUSSION**

    **1.  Count I: "Catch-All" Claim for Violation of § 1983**

Plaintiff consents to dismissal of Count I against all defendants. The Court dismisses this Count with prejudice.

    **2.  Counts II and III: "Unconstitutional seizure" and malicious prosecution**

Plaintiff asserts claims under § 1983 for "unconstitutional seizure" and malicious prosecution against the police officer defendants in their individual and official capacities. In their Motion to Dismiss, defendants seek dismissal of only the official capacity claims as duplicative of the *Monell* claims. The Court agrees with defendants and dismisses the official capacity claims against the police officer defendants with prejudice.

A suit for damages against an individual municipal employee in his or her "official capacity" is not cognizable unless the requirements of *Monell* are met. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). A suit against a municipal employee in his or her official capacity is equivalent to a *Monell* claim against the municipality. *See, e.g.*, *Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 638 n.5 (E.D. Pa. 2014) ("[A]ll claims against the Defendant Officers in their official capacities will be dismissed as duplicative where the same claim has also been brought against the Defendant Boroughs."). Some courts have determined that an

official capacity suit against a municipal employee should not be dismissed merely because it is redundant of a *Monell* claim against the municipal defendant. *See, e.g.*, *Conner v. Borough of Eddystone*, Civil Action No. 14-6934, 2015 WL 1021363, at *2 (E.D. Pa. March 6, 2015) ("A claim that is redundant is not necessarily invalid." (quoting *Crighton v. Schuylkill Cnty.*, 882 F. Supp. 411, 415 (E.D. Pa. 1995)). However, the Court declines to follow these cases because the official capacity claims require plaintiff to plead and prove the same elements as the *Monell* claim and provide plaintiff with the same potential relief. *See Moore v. City of Philadelphia*, Civil Action No. 14-133, 2014 WL 859322, at *3 (E.D. Pa. March 5, 2014) (reviewing cases dismissing official capacity claims as redundant and dismissing redundant official capacity claims based on court's inherent authority to "achieve the orderly and expeditious disposition of cases").

The Court exercises its discretion to dismiss these duplicative and unnecessary official capacity claims. This dismissal is with prejudice because amendment would be futile as any official capacity claim for damages under § 1983 is duplicative of a *Monell* claim.

### 3.  Count IV: Conspiracy in Violation of § 1983

Defendants argue that plaintiff's conspiracy claims must be dismissed because plaintiff has failed to plead sufficient facts to state a plausible claim. The Court disagrees and denies defendant's Motion to Dismiss the conspiracy claims. However, for the reasons stated above, the Court dismisses the claims against the individual defendants in their official capacities included in the conspiracy count, Count IV.

"In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right." *Gannaway v. Berks Cnty. Prison*, 439 F. App'x 86, 92 (3d Cir. 2011). "[T]he plaintiff must

demonstrate (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Eichelman v. Lancaster Cnty.*, 510 F. Supp. 2d 377, 392 (E.D. Pa. 2007). "[T]he plaintiff must present evidence of an agreement . . . as it is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Id.* at 393.

In this case, plaintiff avers that "when the defendants executed the search warrant they agreed to indiscriminately arrest individuals present in the home without examining if there was probable cause to arrest those individuals." Compl. ¶ 65. Defendants argue that "this allegation is a mere conclusion . . . [and] plaintiff does not plead that she or anybody else overhea[r]d the alleged agreement, and otherwise pleads no facts from which the conclusion could be drawn that such an agreement was reached." Defs.' Mot. to Dismiss, at 17. The Court concludes that plaintiff has pled sufficient facts to state a claim. Contrary to defendants' argument, the Complaint includes more than a conclusory restatement of the law. Plaintiff avers that an agreement occurred and outlines the general nature of the agreement: to arrest individuals present in the home without conducting individual analyses of probable cause. Plaintiff is not required, prior to discovery, to produce evidence that the alleged agreement was "overheard." Thus, defendants' Motion to Dismiss the conspiracy claims against the police officer defendants in their individual capacities is denied.

### 4. Count V: *Monell* Claim

Defendants argue that plaintiff's *Monell* claim against the City must be dismissed because the Complaint fails to allege facts sufficient to state a plausible claim. The Court agrees and dismisses the *Monell* claim without prejudice.

To satisfy the pleading standard for a *Monell* claim, plaintiff "must identify a custom or policy and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (citing *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978)). If plaintiff's claim is based on the conduct of a municipal decisionmaker, plaintiff must "allege conduct by a municipal decisionmaker." *Id.* If the policy at issue concerns a failure to train or supervise employees, liability under § 1983 requires plaintiff to plead facts showing that the failure amounts to "deliberate indifference to the rights of persons with whom those employees will come into contact." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quotations omitted). Liability may be based on a single incident only if the need for training is "sufficiently obvious." *Id.* at 223.

In this case, plaintiff's *Monell* claim fails to meet this standard. Excluding boilerplate recitations of law, plaintiff's Complaint avers that the relevant decisionmaker was Police Commissioner Joseph Bail Jr., Compl. ¶¶ 33–34, that the City "had insufficient policies and customs regarding who to arrest during the execution of a search warrant," Compl. ¶ 70, and that Commissioner Bail was responsible for those policies. Compl. ¶ 77. The Complaint fails to identify any specific custom or policy, but instead alleges that the policies were "insufficient" in a generic way. With regard to any failure to train theory, plaintiff merely avers that the City failed to adequately train and supervise the police officer defendants, Compl. ¶ 80, and that Commissioner Bail was responsible for training the police officers. Compl. ¶¶ 78–79.

Plaintiff has failed to identify in the Complaint what specific policy allegedly existed (or did not exist) for which Commissioner Bail was responsible. This alone is fatal to plaintiff's claim. *See McTernan*, 564 F.3d at 658 ("To satisfy the pleading standard . . . [plaintiff] must . . . specify exactly what that custom or policy was."). The Court concludes that the mere invocation of the name of a policymaker in addition to a boilerplate recitation of the legal standard is insufficient to state a plausible claim and survive a motion to dismiss.

In her Response to the Motion to Dismiss, plaintiff explains:

> Executing a search warrant when other individuals are in a home aside from the suspect(s) is a common situation and poses a recurring issue for officers. Should the officers arrest only those persons for whom there is probable cause to arrest or should the officers ignore the Fourth Amendment and arrest everyone in the home? . . . The policy should have instructed officers that mere presence in a home during the execution of a search warrant is not a crime and bystanders cannot be arrested or charged with crimes. Discovery will reveal arresting bystanders during the execution of a search warrant is customary in the City of Chester and the City was deliberately indifferent to the ongoing violations of the Fourth Amendment by its officers.

Pl.'s Resp., at 6–7. A policy of arresting all bystanders during the execution of a search warrant regardless of probable cause may be a constitutional violation. However, none of the specific allegations in plaintiff's Response are contained in the Complaint. In ruling on the instant Motion to Dismiss, the Court considers only the factual allegations in that complaint. Having done so, the Court concludes that they fail to state a plausible *Monell* claim. Accordingly, the Court dismisses the *Monell* claim without prejudice.

### 5. Punitive Damages

Defendants seek dismissal of any punitive damages claims against the City. Only the catch-all count, Count I, and the *Monell* count, Count V, seek relief from the City. Plaintiff's *ad damnum* clause only seeks punitive damages in the catch-all count, which has been dismissed with prejudice. The *Monell* claim has also been dismissed. Thus, the Court concludes that there

8

are no remaining punitive damages claims against the City. However, because plaintiff has agreed to the requested dismissal and because the *Monell* claim was dismissed without prejudice, the Court will dismiss any punitive damages claims against the City with prejudice.

### 6. Fourteenth Amendment Claims

Defendants also seek dismissal of any Fourteenth Amendment substantive due process claims. Plaintiff mentions the Fourteenth Amendment only once in the Complaint, in the catch-all count, Count I, which has been dismissed with prejudice. The Court concludes there are no substantive due process claims remaining in the Complaint.[1] Nonetheless, because plaintiff has agreed to the requested dismissal, the Court will dismiss any Fourteenth Amendment substantive due process claims with prejudice.

## V.   CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part defendants' Motion to Dismiss. Plaintiff's Count I against all defendants is dismissed with prejudice. Plaintiff's claims against the individual defendants in their official capacities are dismissed with prejudice. Plaintiff's *Monell* claim (Count V) is dismissed without prejudice to plaintiff's right to file a second amended complaint if warranted by the facts and applicable law.

The remaining claims in the case are: a claim under § 1983 against the individual defendants in their personal capacities for "unconstitutional seizure" (Count II), a claim under § 1983 against the individual defendants in their personal capacities for malicious prosecution (Count III), and a claim under § 1983 against the individual defendants for conspiracy (Count IV). An appropriate order follows.

---

[1] All of plaintiff's § 1983 claims are Fourteenth Amendment claims to the extent that they seek to enforce the Fourth Amendment against municipal entities and employees. *See Mapp v. Ohio*, 367 U.S. 643, 655–56 (1961).